**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**EVANSTON INSURANCE COMPANY,**

     **Plaintiff,**

**v.**                                   **Case No: 5:12-cv-603-Oc-UAMHPRL**

**FRANCKS LAB, INC., FRANCKS
PHARMACY, INC., FRANCKS
INFUSION PHARMACY, FRANCKS
HOMECARE, LLC and FP
PHARMACEUTICALS, INC.**

     **Defendants.**

_____

### ORDER

This matter is before the Court on Franck's Motion to Compel Production of Documents. (Doc. 38). Plaintiff has filed a response in opposition (Doc. 41).

### I.      BACKGROUND

In this action, Plaintiff Evanston Insurance Company ("Evanston") seeks a declaration of the parties' rights and liabilities with respect to insurance coverage under an insurance policy issued to Franck's Lab, Inc., Franck's Pharmacy, Inc., Franck's Infusion Pharmacy, Franck's Home Care LLC, FP Pharmaceuticals, Inc. and Franck's Healthy Lifestyles (collectively "Franck's") in connection with various claims and lawsuits arising out of injuries allegedly sustained by individuals who received injections of certain pharmaceutical products compounded by Franck's. On May 23, 2013, Franck's served Evanston with the First Request for Production. (Doc. 38-1). At issue is Request for Production No. 10 that seeks:

All documents, other than the Policy, generated, maintained, or received by you that define, construe, interpret, comment on the interpretation of, analyze or discuss the meaning or application of the following exclusions of the Policy:

    (a) The "Mold Exclusion;" and
    (b) The "Illegal Drug Exclusion."

This request includes, without limitation, claims manual(s), training materials, interpretative materials, best practice guides, memoranda, newsletters, underwriting documents, sales and marketing materials, articles published in trade or legal periodicals, articles written for claims professionals or seminars, and home office directives and bulletins.

Evanston objected on various grounds, including that the requested information is not relevant to the Court's determination of the coverage issues.

## II.    DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevance, for purposes of discovery, is construed broadly to include any matter that "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Although the scope of discovery is broad, it is not without limits. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992).

Franck's contends that the requested interpretative materials are relevant as to whether the Mold and/or Illegal drug exclusions are ambiguous. Under Florida law, the construction of an insurance contract, and the determination of whether a policy term is ambiguous, is a question of law to be decided by the Court. *See e.g., Jones v. Utica Mut. Ins. Co.*, 463 So.2d 1153, 1157 (Fla. 1985); *Roberts v. Florida Lawyers Mutual*, 839 So.2d 843, 845 (Fla. App Ct. 2003); *Gulf Tampa Drydock Co. v. Great Atl. Ins. Co.,* 757 F.2d 1172, 1174 (11th Cir. 1985). Insurance contracts are construed according to their plain meaning. *Taurus Holdings, Inc. v. USF&G*, 913

So.2d 528, 532 (Fla. 2005).  An insurance policy is ambiguous if it is susceptible to more than one reasonable interpretation.  *Washington Nat. Ins. Corp. v. Ruderman*, 117 So.3d 943 (Fla. 2013).  Extrinsic evidence cannot be used to create or prove an ambiguity.  *See Dimmitt Chevrolet v. Southeastern Fid. Ins. Corp.*, 636 So.2d 700, 705 (Fla. 1993); *Philadelphia Am. Life Ins. v. Buckles*, 350 Fed. Appx. 376, 380 (11th Cir. 2009).  Thus, under Florida law, it is for the Court to determine, as a matter of law, whether the exclusions are clear and unambiguous based on the plain language of the policy, without consideration of extrinsic evidence.

Even if the policy was found to be ambiguous, it appears that the requested interpretative materials would still be irrelevant based on the Florida Supreme Court's recent ruling in *Washington Nat. Ins. Corp. v. Ruderman*, 117 So.3d 943 (Fla. 2013).  In *Ruderman*, the Florida Supreme Court considered the following certified question from the Eleventh Circuit:

> If an ambiguity exists in this insurance policy – as we understand that it does – should courts first attempt to resolve the ambiguity by examining available extrinsic evidence?

*Ruderman*, 117 So.3d at 945.

After finding that the subject policy provision was ambiguous, the Florida Supreme Court answered the certified question in the negative.  The Court held that "[u]nder Florida law, [when a] policy is ambiguous it must be construed against the insurer and in favor of coverage without resort to consideration of extrinsic evidence."  *Id*. at 952.

Although Franck's cites the *Ruderman* case, it fails to explain (or even mention) how the requested interpretative evidence could be relevant in light of the Florida Supreme Court's ruling.  (Doc. 38 at 5).  Instead, Franck's relies upon a number of cases -- all of which pre-date the *Ruderman* decision and/or are from other jurisdictions. (Doc. 38 at 6-7, and cases cited therein).

Accordingly, Franck's Motion (Doc. 38) is **DENIED without prejudice** to renewal **if it can argue in good faith that despite the *Ruderman* case, the requested interpretative materials are relevant.**

**DONE** and **ORDERED** in Ocala, Florida on October 8, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties